Smoot v. Schooler.

---

CASE 29—ROAD CASE—MARCH 29

## Smoot v. Schooler.

APPEAL FROM OWEN CIRCUIT COURT.

IN A PROCEEDING TO ESTABLISH A PUBLIC ROAD, if the writ of *ad quod damnum* follows the statute, the exception that it is not sufficiently descriptive is unavailing. The same particularity is not required that is required in the application and the report of viewers.

In this case the writ directs the sheriff to summon a jury to meet on the land of the proprietors *over which it is proposed the road shall run*, and to assess the damages in the mode specified by the statute, that mode being distinctly set forth in the writ. *Held*—That the circuit court erred in quashing the writ.

EVAN E. SETTLE FOR APPELLANT.

1. There is no proof that appellee suggested any other route than that which was viewed; but if he had offered any other route it was with the viewers to view it or not, and their report is conclusive on that point.

2. The writ of *ad quod damnum* was sufficiently definite, and the court erred in quashing the writ. Even if the writ would be defective if appellee had been absent, it certainly cannot be so held when appellee was present and consented by his presence and by his subsequent exceptions to the damages that the correct route was viewed.

J. W. GREENE FOR APPELLEE.

1. The order appointing viewers is defective in its description of the route to be viewed.

2. The route viewed is unnecessarily circuitous. The nearest and best route should be adopted unless there should be some sufficient reason for deviating from such a route. (Hubbard v. Wickliffe, 2 Mar., 508.)

8. When a nearer, better¨and cheaper route than that proposed can be found, it is the *duty* of the viewers to view it.

4. The order of the county court awarding the writ of *ad quod damnum* and the writ itself are fatally defective, vague, uncertain and indefinite. (Gen. Stats., chap. 94, art. 1, sec. 3, subsec. 1.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment of the circuit court reversing an order of the county court establishing a public road.

There is no evidence found in the record applying to many of the exceptions taken to the proceeding in the county court, and the result of the controversy must, therefore, depend on the regularity of the proceedings, consisting of the application for the appointment of viewers, their report, and the judgment based upon it.

The application made in this case for the appointment of viewers could not well be more definite in the absence of an actual survey, and the report of the viewers, accompanied by the survey made, shows the entire line of the contemplated road by courses and distances. The statute has been strictly followed, both in the application and the viewers' report, and the only question left for this court to pass on, arises from the action of the circuit court in reversing the order of the county court, because the writ of *ad quod damnum* was not sufficiently specific. The writ directs the sher-

iff to summon a jury to meet on the land of the pro-
prietor *over which it is proposed the road shall run*,
and to assess the damages in the mode specified by the
statute, that mode being distinctly set forth in the
writ. The day was fixed and the appellee notified.
The writ was asked for by the appellee, and under it
the inquest was held and returned to the county court,
where, upon evidence being heard, the road was estab-
lished.

When the writ and inquest were returned the excep-
tion was made that it was too indefinite, and a motion
made to quash it for that reason. It is not urged here,
nor was it insisted on in the county or circuit court so
far as appears from this record, that the jury went upon
and assessed other land of the appellee than that pro-
posed to be condemned. They were required to meet
on this land and no other, and it was the duty of the
sheriff (or the appellee if he desired it) to point out
the land, which he did, and the inquest held. The
appellee, as well as the sheriff, could have obtained a
copy of the survey or the viewers' report. The quan-
tity of land, the route and the distance appeared on
its face, and while they may not have seen proper to
do so, the fact exists that the sheriff complied with
his duty, and this is the more patent, as the only ex-
ception made is to the writ itself.

The requisites of a petition for the recovery of land
or of a viewers' report are not required in a writ of *ad
quod damnum*. If the sheriff fails to perform his
duty, or the jury have valued other land than that
authorized, it is the subject of an exception; but where
no such objection is made, the writ following the stat-

ute, the exception that it is not sufficiently descriptive is unavailing. In all such proceedings the particularity required applies to the application and to the report of the viewers, constituting, as they do, the foundation of the proceeding, and upon that the writ issues.

The circuit court erred in quashing the writ, and for that reason the judgment is reversed, and remanded for proceedings consistent with this opinion.